# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA Y. FRANKLIN,<br><br>          Plaintiff,<br><br>    vs.<br><br>WENDY SARGENT,<br>UNKNOWN OCCUPANTS,<br><br>          Defendants. | Case No. EDCV 16-02370-CJC (DTBx)<br><br>ORDER SUMMARILY REMANDING<br>IMPROPERLY-REMOVED ACTION |

      Wendy Sargent ("Applicant") filed a pro se Notice of Removal of State Court Action ("Notice of Removal") herein on November 16, 2016. Applicant also filed a request to proceed without prepayment of full filing fee ("IFP Request") on November 16, 2016.

      After careful review and consideration of the allegations of the Notice of Removal, and pursuant to 28 U.S.C. Section 1915, the Court finds that the Applicant's allegations are frivolous and are not sufficient to state any claim as presently plead in the Notice of Removal.

/ / /

/ / /

The Court has screened the Notice of Removal prior to ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a party who is immune from such relief.

In addition, the Court's screening of the Notice of Removal is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) Lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Since the Applicant is appearing pro se, the Court must construe the allegations of the Notice of Removal liberally and must afford plaintiff the benefit of any doubt. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). Moreover, in determining whether the Notice of Removal states a claim on which relief may be granted, the Court must take its allegations of material fact as true and must construe them in the light most favorable to plaintiff. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). However, as the Supreme Court has held: "a [party's] obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations omitted).

As the Supreme Court has explained, to conform with the pleading requirements of Fed. R. Civ. P. 8, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" (Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), quoting Twombly 550 U.S. at 570), and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (Id., citing Twombly, 550 U.S. at 555). In elaborating on the requirements of Rule 8 that a

complaint must state sufficient facts to support a plausible (rather than a merely possible) cause of action, the Iqbal Court stated that "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]'- 'that the pleader is entitled to relief'" (Iqbal, 556 U.S. at 678, citing to Fed. R. Civ. P. 8(a)(2).)

Initially, the Court notes that the Applicant failed to attach a copy of the underlying complaint to the Notice of Removal. However, it appears to the Court that the underlying state action is a straight-forward unlawful detainer action, and therefore does not present a federal question. Indeed, the Applicant alleges that "[t]he complaint in this action was filed in State Court as artful pleading, entitled by the Superior Court of California as Unlawful Detainer." Even assuming that the defendants in that action intended to assert a federal defense to the state law claim, such action does not convert it to "arising under" federal law for purposes of federal question jurisdiction (see More-Thomas v. Alaska Airlines, Inc., 553 F.3d 1244 (9th Cir. 2009)). The Court notes that Applicant does not allege the amount in controversy in the Notice of Removal. As the Applicant failed to attach a copy of the underlying state court action, the Court is unable to ascertain the damages which the plaintiff in the unlawful detainer seeks. Moreover, the Applicant has not alleged complete diversity, as required by 28 U.S.C. § 1332.

For these reasons, the Applicant's IFP Request is DENIED.

///
///
///
///
///
///
///
///

1  IT IS ORDERED that (1) this matter be REMANDED to the Superior Court
2  of California, Riverside County, 13800 Heacock Street, Suite D201, Moreno Valley,
3  CA 92553, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1446(a); (2)
4  that the Clerk send a certified copy of this Order to the state court; and (3) that the
5  Clerk serve copies of this Order on the parties.
6  IT IS SO ORDERED.

9  DATED: November 18, 2016

   CORMAC J. CARNEY
10 UNITED STATES DISTRICT JUDGE

12 Presented by:

14 David T. Bristow
15 United States Magistrate Judge